Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,*
*Interlink Products International, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AKDY IMPORTS, LLC, <br><br> Defendant. | Case No: <br> CIVIL ACTION <br><br><br> **COMPLAINT &** <br> **JURY TRIAL DEMAND** |

Plaintiff, Interlink Products International, Inc. (hereinafter "Interlink" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendant, AKDY Imports, LLC ("Defendant"), as follows:

### THE PARTIES

1. Plaintiff is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, New Jersey 07036.

2. On information and belief, Defendant is a California limited liability company with its principal place of business at 10912 Weaver Ave., South El Monte, California 91733.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims alleged pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant in that it does business regularly in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

## CLAIM FOR INFRINGMENT OF
## U.S. PATENT NO. 7,299,510

6. Plaintiff, Interlink, is a New Jersey based research & development company specializing in the development, manufacturing and marketing of innovative consumer and professional healthcare products in the shower and bath, personal care and cleaning categories. The company was founded in 1996 and built on conceptual and technological innovation, high product quality and excellence in customer service.

7. Interlink's products include several lines of showerheads that can be purchased from various retailers both in stores and online.

8. Defendant competes directly with Interlink in the wholesale and retail showerhead markets, including the market for dual showerhead products.

9. Defendant sells a line of dual showerhead products under its "AKDY" brand.

10. The dual showerhead products sold by Defendant consist of two separate showerheads (one a fixed showerhead and the other a handheld sprayer showerhead) packaged with a plumbing device called a diverter. The diverter has, among other features, an inlet for water to flow into the diverter, two outlets for water to flow out, a valve for controlling water flow to the diverter outlets, and a holder for the handheld sprayer. The fixed showerhead

attaches to one of the diverter outputs and a hose connects the handheld sprayer to the other. The user can direct the flow of water to either or both of the showerheads using a knob on the diverter. As sold to customers, Defendant's dual showerhead products are packaged such that the diverter must be connected to the fixed showerhead and handheld sprayer at the time of installation. Images of Defendant's dual showerhead products, obtained from Defendant's promotional materials, are attached as Exhibit A.

11. On November 27, 2007, United States Letters Patent No. 7,299,510 ("the '510 Patent") were issued to Pi Kuang Tsai ("Tsai"). In general terms, the '510 Patent describes an invention centering on a water diverter that also serves as a showerhead holder.

12. On November 17, 2015, Interlink acquired, by assignment from Tsai, all right, title and interest in and to the '510 Patent, including the right to sue for past infringement of the '510 Patent and collect damages associated with such infringement. The assignment has been recorded with the United States Patent & Trademark Office and Interlink remains the owner of all right title and interest in and to the '510 Patent. A copy of the '510 Patent is attached as Exhibit B.

13. Defendant imports and sells its dual showerhead products.

14. AKDY dual showerhead models AKSH0042, AKSH0044, AKSH0046, AKSH0048, AKSH0050, AKSH0052, AKSH0054, AKSH0056, AKSH0062, AKSH0063, AKSH0064, AKSH0066, AKSH0067 and AKSH0072, which are pictured in Exhibit A, and any other of Defendant's dual showerhead products employing diverters identical to the diverters used in those models (all of the foregoing products hereinafter referred to collectively as "the AKDY Showerheads") embody all of the elements of at least claims 1, 2, 3, 4, 9, 10 and 11 of the '510 Patent.

15. Each of the AKDY Showerheads is sold as a completed machine. The AKDY Showerheads are designed to be assembled before operation, are sold ready for assembly and serve no useful non-infringing purpose. The components thereof cannot be assembled or combined into any ordinary or practical device that does not infringe the '510 Patent. On information and belief, the foregoing products are also imported by Defendant ready for assembly.

16. Defendants' AKSH0060 diverter (hereinafter, "the AKDY Diverter"), imported and sold by Defendants, and the diverter devices contained within Defendants' dual showerhead products embody all of the elements of at least claims 3, 10 and 11 of the '510 Patent.

17. Defendant has directly infringed the aforementioned claims of the '510 Patent by importing, selling and offering for sale the AKDY Showerheads and AKDY Diverter.

18. Defendant also contributorily infringes the '510 Patent as to claims 1, 2, 4, and 9 by importing and selling the AKDY Diverter and, as an alternative basis for liability with respect to the AKDY Showerheads, by importing and selling the diverters used in the AKDY Showerheads. The diverters embody a material component of at least claims 1, 2, 4 and 9 of the '510 Patent. The diverters embody all elements of claims 1, 2, 4 and 9 except that, considered alone, they do not include a sprayer nozzle attached to the second outlet (as referenced in claims 1, 2, 4 and 9) or a showerhead attached to the first outlet (as referenced in claim 4).

19. The diverters are not a staple article or commodity of commerce suitable for substantial non-infringing use. The diverters are especially made, Defendant sells the diverters and the diverters are used by purchasers solely as a component of devices that embody claims 1, 2, 4 and 9 of the '510 Patent. There are no usual, non-far-fetched, non-illusory, practical, non-occasional, non-aberrant or non-experimental uses for the diverters that do not infringe claims 1,

2, 4 and 9 of the '510 Patent. The diverters are tailored specifically to attach to a shower water supply spout, a fixed showerhead and a handheld sprayer, and to provide a device for holding the attached handheld sprayer. They do not have ordinary non-infringing uses.

20. Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

21. At all relevant times, Interlink sells and has sold products that compete directly with Defendants' infringing dual showerhead products. As a result of Defendant's infringement Interlink has suffered direct competitive harm, loss of goodwill, and lost sales.

22. Defendant's infringement is ongoing and has injured and will continue to injure Interlink unless and until this Court enters an injunction prohibiting further direct, contributory and induced infringement, including enjoining further sale of Defendant's infringing products.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

A. An award of damages sufficient to compensate Interlink for Defendant's direct and indirect infringement of the '510 Patent, including Interlink's lost profits and/or reasonable royalties for the infringement, and any other relief provided for under 35 U.S.C. § 284, together with prejudgment interest from the date that Defendant's infringement of the '510 Patent began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Interlink of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A preliminary and permanent injunction prohibiting further infringement, inducement of infringement and contributory infringement of the '510 Patent; and

E. Such other and further relief as this Court or a jury may deem proper and just.

Dated: December 15, 2015                    Respectfully submitted,

                                                            The Law Office Of
                                                            JASON B. LATTIMORE, ESQ. LLC

                                                            By  s/ Jason B. Lattimore
                                                                Jason B. Lattimore
                                                               55 Madison Avenue, Suite 400
                                                               Morristown, NJ 07960
                                                               Telephone: (973) 998-7477
                                                               Facsimile:  (973) 264-1159

                                                           *Attorneys for Plaintiff*
                                                           *Interlink International Products, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: December 15, 2015                    Respectfully submitted,

                                                            The Law Office Of
                                                           JASON B. LATTIMORE, ESQ. LLC

                                                           By  s/ Jason B. Lattimore
                                                                Jason B. Lattimore
                                                               55 Madison Avenue, Suite 400
                                                               Morristown, NJ 07960
                                                               Telephone: (973) 998-7477
                                                               Facsimile:  (973) 264-1159

*Attorneys for Plaintiff*
*Interlink International Products, Inc.*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

      The undersigned hereby certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding. The undersigned further certifies that, to the best of his knowledge, there are no additional parties who should be joined in this matter.

Dated: December 15, 2015          Respectfully submitted,

                                           The Law Office Of
                                           JASON B. LATTIMORE, ESQ. LLC

                                         By  s/ Jason B. Lattimore
                                              Jason B. Lattimore
                                              55 Madison Avenue, Suite 400
                                              Morristown, NJ 07960
                                              Telephone: (973) 998-7477
                                              Facsimile:  (973) 264-1159

                                              *Attorneys for Plaintiff*
                                              *Interlink International Products, Inc.*